UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
WILLIAM K. SCHMIDT, candidate of the Libertarian Party
for the office of Comptroller of the State of New York;
SAMUEL SCOTT ERICKSON, a United States citizen and
Illinios resident; WILLIAM CODY ANDERSON, as Chair
and de facto President and on behalf of the Libertarian Party
of New York, an independent body and unincorporated
association; and DIANE SARE, candidate of the LaRouche
Independent Party for the office of United States Senator from
the State of New York,

    Civil Action No. _____

    VERIFIED COMPLAINT
    FOR DECLARATORY
    JUDGMENT AND
    INJUNCTIVE RELIEF

Plaintiffs,

- against -

PETER S. KOSINSKI, DOUGLAS A. KELLNER, ANDREW
J. SPANO, and ANTHONY J. CASALE, in their official
capacities as Commissioners of the New York State Board of
Elections,

Defendants.
--------------------------------------------------------------------------------X

Plaintiffs, by their attorneys, the Law Office of Gary L. Donoyan, as and for their complaint

against Defendants, allege as follows:

## INTRODUCTION

1.    Plaintiffs, William K. Schmidt ("Schmidt"), Samuel Scott Erickson ("Erickson"),

William Cody Anderson ("Anderson"), the Chair and de facto President of the Libertarian Party

of New York ("LPNY"), the independent body that nominated Schmidt as its candidate for New

York Comptroller, and Diane Sare ("Sare"), candidate of the LaRouche Independent Party, an

independent body, for United States Senator from the State of New York, challenge Section 6-

140(1)(b) of New York State's Election Law ("Election Law").  That provision requires that any

witness to a signature on an independent nominating petition be "a duly qualified voter of the

state." Another subsection permits the use of an alternative witness statement by "a notary public or commissioner of deeds."

2. This action is brought pursuant to 42 U.S.C. §1983 to enforce rights guaranteed to the plaintiffs by the First Amendment to the United States Constitution, which is applicable to the States and their officials through the Fourteenth Amendment. This suit seeks to halt the defendants' enforcement of Election Law §6-140(1)(b) which unconstitutionally restricts core political speech by requiring those who gather and witness signatures for independent candidate nominating petitions to be New York registered voters, and thus also New York residents.

## JURISDICTION AND VENUE

3. This action arises under the United States Constitution, Amendment I and Amendment XIV, Section 1, and the Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343(a)(3), and 2201(a).

4. Venue of this action is properly in this district, pursuant to 28 U.S.C. §1391(b), on the grounds that a substantial part of the events or omissions giving rise to the claims herein occurred, and threaten to occur, in this district.

## PARTIES

5. Plaintiff Schmidt is the candidate for New York State Comptroller of the LPNY, in the election to be held on November 8, 2022. He resides at 1874 Crompond Road, Apartment 3 B7, Peekskill, County of Westchester, New York. In support of his campaign, Schmidt has publicly stated: "New York needs to be aware of the great financial difficulties that it faces. The retirement system is experiencing financial stress due to the Federal Reserve's policies of continued currency expansion (inflation) and artificially low interest rates, along with a growing

number of retirees entering the system. As a result the system has fallen short of its investment return targets and needs to consider some alternative investments to balance out these risks."

6.      Plaintiff Erickson has been a Raymond Precinct Committeeman of the Champaign County Libertarian Party Central Committee for the past six years, and a delegate from Illinois to the Libertarian Party's previous two and upcoming national conventions. He is a United States citizen and an Illinois resident, and a supporter of Schmidt, as well as of Larry Sharpe, Andrew C. Hollister, Sean C. Hayes, and Thomas D. Quiter, the Libertarian Party candidates for Governor, Lieutenant Governor, and Attorney General of New York, and United States Senator from New York, respectively, whose names will be on the independent nominating petition to be circulated this year, along with Schmidt's. He resides at 121 County Road 2000 East, Longview, Illinois. Erickson supports Schmidt and the other Libertarian Party candidates, and he wishes to circulate their nominating petition sheets and to witness signatures thereon during the petitioning period (April 19, 2022 through May 31, 2022), but he is not a registered voter in New York, and is ineligible to become one because he is not a resident of New York. If Plaintiffs are denied the relief they seek, Erickson will not have the ability to express his political views by engaging with potential signers of his preferred candidates' petition and witnessing their signatures.

7.      Plaintiff Anderson is Chair and de facto President of the LPNY and appears on its behalf, pursuant to Fed.R.Civ.Proc. Rule 17(a)(1)(G), New York Election Law §16-104(1), and New York General Associations Law §12. He is a resident of and a registered voter in the State of New York, enrolled in the Libertarian Party, and residing at 106 Nickerson Drive, Middleburgh, Schoharie County, New York.

8.    Plaintiff Sare is the candidate for United States Senator from New York of the LaRouche Independent Party, an independent body, in the election to be held on November 8, 2022.  She resides at Two Grant Street, Sloatsburg, Rockland County, New York.

9.    The LPNY was organized in 1972 by a group centered around Ed Clark, later the Libertarian Party presidential candidate.  The Statue of Liberty is their ballot symbol, and they appear on the ballot as the Libertarian Party.  Starting in 1974, the LPNY has run candidates for statewide office (including U.S. Senate and U.S. Presidential electors) every two years except for 1986, the only political organization in the state without recognized "party" status to do so.  It is the recognized New York affiliate of the national Libertarian Party, which is the third-largest political party in the United States in terms of membership, popular vote secured in federal elections, and candidates who run for federal, state, and local office per election.  The LPNY has county organizations that meet regularly and that endorse and support local and statewide Libertarian Party candidates in each of the five counties in the Eastern District of New York, the only federal district in New York in which every county has such an organization, and its 2022 Governor candidate, Larry Sharpe, also resides in the Eastern District, in Queens County.

10.    Defendant Peter S. Kosinski is a Commissioner of the New York State Board of Elections ("NYSBOE"), which has "jurisdiction of, and [is] responsible for, the execution and enforcement of … statutes governing campaigns, elections and related procedures."  Election Law §3-104(1).  He is sued herein in his official capacity only.  The NYSBOE acts pursuant to and under color of state law to ensure that local boards of elections across the state comply with and implement the election laws of the State of New York, including Election Law §6-140(1)(b), which is challenged in this case.  It oversees, among other things, (a) enforcement of the State's electoral process; (b) voter registration; (c) the content, instructions, and requirements for filing nominating

4

petitions; and (d) the striking of nominating petitions that do not comply with its enforcement of the challenged provisions at the time nominating petitions are filed with its office.

11.   Defendant Douglas A. Kellner is a Commissioner of the NYSBOE.  He is sued herein in his official capacity only.

12.   Defendant Andrew J. Spano is a Commissioner of the NYSBOE.  He is sued herein in his official capacity only.

13.   Defendant Anthony J. Casale is a Commissioner of the NYSBOE.  He is sued herein in his official capacity only.

## THE CHALLENGED PROVISION OF LAW

14.   Under New York State law, the candidates for public office of independent bodies (defined under New York law as those political organizations that have not obtained recognized "party" status) may obtain a place on the general election ballot only by submitting qualified petitions to the NYSBOE, known as independent nominating petitions.

15.   The provision challenged by Plaintiffs, Election Law §6-140(1)(b), describes the witness statement to be appended at the bottom of each sheet of such a petition, sets forth the penalties for the making of a false witness statement, and sets forth the form to be used:

> There shall be appended at the bottom of each sheet a signed statement of a witness who is a duly qualified voter of the state and who has not previously signed a petition for another candidate for the same office.  Such a statement shall be accepted for all purposes as the equivalent of an affidavit, and if it contains a material false statement, shall subject the person signing it to the same penalties as if he or she had been duly sworn.  The form of such statement shall be substantially as follows:

> STATEMENT OF WITNESS

> I, _____ (name of witness) state: I am a duly qualified voter of the State of New York and now reside at _____ (residence address).

Each of the individuals whose names are subscribed to this petition sheet containing _____ (fill in number) signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet.

I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn.

Date: _____                    _____
                                            Signature of Witness

Witness identification information:

The following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid.

Town or City _____    County _____

N.Y. Elec. L. §6-140(1)(b), emphasis added.

16.     This provision requires that each witness to the signatures on an independent nominating petition <u>must</u> be a duly qualified registered voter of New York State. Election Law §6-140(2) does provide, in the alternative, for a different witness statement for use by a New York Notary Public or a New York Commissioner of Deeds, but there are no other exceptions under New York law to the requirement in Election Law §6-140(1)(b) that all witnesses to the signatures on independent nominating petitions must be duly qualified New York registered voters.

## FACTS

### *The Libertarian Party*

17.     The LPNY was formed as the Free Libertarian Party, Inc. on July 11, 1972 pursuant to the New York Not-for-Profit Law. It has conducted business and political activities as the Libertarian Party of New York since at least May 19, 1985 and both holds a Certificate of Service

6

Mark Registration and has filed with the New York Department of State a Certificate of Assumed Name doing business as the Libertarian Party of New York.  Its current legal status is as a New York unincorporated association.

18.     In November 2018, the LPNY obtained recognized "party" status as a result of its Governor candidate having received sufficient votes in the General Election that month.  However, after a change in the Election Law relating to the requirements to keep or maintain recognized "party" status, in November 2020 the LPNY lost that status, as a result of its President candidate not having received sufficient votes in the General Election that month, and since then the LPNY has been an independent body once again.

19.     On February 19, 2022, the LPNY's State Committee held a candidate endorsement meeting in Albany, New York.  At that meeting, Plaintiff William K. Schmidt obtained the endorsement of the LPNY for his candidacy as the New York Comptroller, and Larry Sharpe, Andrew C. Hollister, Sean C. Hayes, and Thomas D. Quiter obtained the LPNY endorsement as its candidates for Governor, Lieutenant Governor, and Attorney General of New York, and United States Senator from New York, respectively.  Since then, the organizers and supporters of the LaRouche Independent Party have endorsed Diane Sare as its candidate for United States Senator from New York. The staff and supporters of all six of those candidates, including Plaintiff Samuel Scott Erickson, wish to begin petitioning among registered New York voters on April 19, 2022 for places on the general election ballot of November 8, 2022, as do the staff and supporters of at least two other LPNY candidates for U.S. House of Representatives races across New York.  A copy of the petition sheet to be used by the LPNY and its statewide candidates, is annexed hereto as **Exhibit 1**.  A copy of the petition sheet to be used by the LaRouche Independent Party and its single candidate, is annexed hereto as **Exhibit 2**.

19.     However, the LPNY's candidates have, in the past, been refused access to the ballot as a direct and proximate result of the restrictions challenged in this action, and the LPNY's candidates and the LaRouche Independent Party's candidate may be refused access to the ballot in the 2022 election by those same restrictions.

***Election Ballot Access in New York***

20.     For purposes of determining whether a candidate for public office may appear on an election ballot, New York divides candidates into two categories: those nominated by a recognized "party," and those nominated by an independent body.  Election Law §§1-104(12), and 6-100 et. seq.

21.     A recognized "party" is "any political organization which, excluding blank and void ballots, at the last preceding election for governor received, at least two percent of the total votes cast for its candidate for governor, or one hundred thirty thousand votes, whichever is greater, in the year in which a governor is elected and at least two percent of the total votes cast for its candidate for president, or one hundred thirty thousand votes, whichever is greater, in a year when a president is elected."  Election Law §1-104(3).

22.     An independent body is "any organization or group of voters which nominates a candidate or candidates for office to be voted for at an election, and which is not a party as herein provided."  Election Law §1-104(12).

23.     Candidates not nominated by a recognized "party" may only be listed on an election ballot if they gather signatures on a nominating petition that conforms with Election Law §6-140.

24.     In order to place a candidate on the election ballot, a nominating petition must be supported by the signatures of registered New York voters.  The number of signatures necessary for a statewide candidate is 45,000 or one percent of the votes most recently cast for Governor,

whichever is less; for a New York City-wide candidate, 7,500 or five percent of the votes most recently cast for Governor in that unit, whichever is less; and for a candidate for U.S. House of Representatives, 3,500 or five percent of the votes most recently cast for Governor in that unit, whichever is less. For offices not enumerated, the number of signatures necessary is 1,500 or five percent of the votes most recently cast for Governor in that unit, whichever is less. Election Law §6-142.

25.     Nominating petitions are required to be drafted "substantially" in the form set forth in Election Law §6-140(1)(b) (or, alternatively, if the witness is a New York Notary Public or a New York Commissioner of Deeds, in the form set forth in Election Law §6-140(2)), and no petitioning candidate is permitted to begin collecting signatures prior to six weeks before the last day permitted to file the said petition in the year of the election in which the candidate wishes to participate. In 2022, that six-week period begins on April 19 and ends on May 31. Election Law §§6-158(9), 6-138(4).

26.     The LPNY does not qualify as a recognized "party," and is thus an independent body pursuant to New York law.

27.     Hence, all of the LPNY's efforts to place its candidates on the ballot are subject to the rules for independent bodies, and it must have its nominating petitions approved by the Commissioners of the NYSBOE (or, as the case may be, by a local board of elections acting under the direction of the NYSBOE) in order for its candidates to appear on ballots for any races for public office in New York.

*Witness Residence Requirement*

28.     A person who collects signatures on a candidate's independent nominating petition is known as a "witness." Election Law §6-140(1)(b). In relevant part, each witness must be "a

duly qualified voter of the state" of New York. *Id.* Alternatively, a New York Notary Public or a New York Commissioner of Deeds may use a different version of the petition sheet with a different witness statement. Election Law §6-140(2).

29.     Election Law §6-140(1)(b) also requires the independent nominating petition to contain the phrase: "I am a duly qualified voter of the State of New York", which the witness must sign under penalty of perjury.

30.     The requirement that witnesses be duly qualified New York voters means that any non-New York resident, or other person not registered to vote in New York (other than a New York Notary Public or Commissioner of Deeds) wishing to act as a witness must be accompanied by a duly qualified New York voter while collecting signatures for independent nominating petitions, and only the accompanying New York witness may complete the petition sheets.

31.     The requirement that non-residents be accompanied by duly qualified New York voters in order to collect signatures reduces their ability to work efficiently to gather signatures.

32.     As a direct and proximate result of the requirement that witnesses be duly qualified New York voters (or New York Notary Publics or New York Commissioners of Deeds), the LPNY and other independent bodies and candidates are effectively prohibited from contracting with out-of-state paid witnesses.

33.     Limiting the pool of professional witnesses to in-state professionals creates a monopoly for New York professional witnesses, thereby decreasing the ability of the LPNY and other independent bodies and candidates to negotiate favorable contract terms, with the effect of dramatically increasing the cost of independent nominating petition signature drives.

34.     Additionally, the LPNY's experience is that out-of-state professional witnesses, as well as many out-of-state volunteer witnesses such as Erickson, have generated a much higher

percentage of valid signatures than the few in-state professional witnesses and volunteer witnesses. The prohibition on non-duly qualified New York voter witnesses therefore reduces the quality of witnesses that the LPNY and other independent bodies and candidates may use, which in turn reduces the percentage of valid signatures and increases the cost of securing sufficient valid signatures to place the LPNY's and other independent candidates on the State's general election ballot.

35.     The requirement that all witnesses be duly qualified New York voters (or New York Notary Publics or New York Commissioners of Deeds) places a severe burden on Schmidt, Erickson, Sare, and the LPNY by making it more difficult for them to disseminate their political views, to choose the most effective way of conveying their message, to associate in a meaningful way with prospective witnesses for the purpose of eliciting political change, to gain access to the ballot, and to utilize the endorsement of its candidates, which can be implicit in a witness's efforts to gather signatures on the candidates' behalf.

*Application of the Challenged Provisions*

36.     As a result of the enforcement of the unconstitutional requirements of the challenged provisions in the past, the LPNY has not learned whether its candidates have qualified to be placed on the ballot until the end of June, little more than four months before election day.

37.     Due to the efforts required to obtain sufficient signatures, and to the uncertainty as to whether the petition effort will be successful for any given candidate, the LPNY can allocate only limited funding for actual campaigning.  The LPNY must also fundraise specifically to pay for the petition circulating process.  The national LP has also often contributed financially to assist the LPNY in its petitioning efforts.

38.    The short periods of time between (1) the present date and April 19, 2022, when the LPNY and other independent bodies and candidates will be permitted to begin circulating petitions, and (2) late June 2022 and the November 2022 election, mean that the LPNY and all independent bodies and candidates will suffer immediate and irreparable harm if this Court does not grant prompt relief and enter a preliminary injunction.  The LPNY and all independent bodies and candidates will suffer immediate and irreparable harm if they are not afforded the ability to use non-duly qualified New York voters from the first day of the petition period.

## Count One: Facial Challenge to §6-140(1)(b)'s Duly Qualified New York Voter Requirement

39.    Because the state duly qualified voter requirement imposed on petition witnesses is not narrowly tailored to further a compelling governmental interest, Election Law §6-140(1)(b) facially violates the First Amendment to the United States Constitution.

40.    Alternatively, because no state regulatory interest justifies the state duly qualified voter requirement imposed on petition witnesses, Election Law §6-140(1)(b) facially violates the First Amendment.

41.    Accordingly, Defendants' enforcement of Election Law §6-140(1)(b) is the direct and proximate cause of the impairment of rights guaranteed to Schmidt, Thrasher, the LPNY, and Sare, under the First Amendment.

42.    Plaintiffs have no adequate remedy at law for such deprivation of their rights, privileges, and immunities.

### Count Two: As-Applied Challenge to §6-140(1)(b)'s Duly Qualified New York Voter Requirement

43.     Because the state duly qualified voter requirement imposed on petition witnesses is not narrowly tailored to further a compelling governmental interest, Election Law §6-140(1)(b), as enforced against Schmidt, Thrasher, the LPNY, and Sare, violates the First Amendment.

44.     Alternatively, because no state regulatory interest justifies the state duly qualified voter requirement imposed on petition witnesses, Election Law §6-140(1)(b), as enforced against Schmidt, Thrasher, the LPNY, and Sare, violates the First Amendment.

45.     Accordingly, Defendants' enforcement of Election Law §6-140(1)(b) is the direct and proximate cause of the impairment of rights guaranteed to Schmidt, Thrasher, the LPNY, and Sare, under the First Amendment.

46.     Plaintiffs have no adequate remedy at law for such deprivation of their rights, privileges, and immunities.

### REQUEST FOR RELIEF

Accordingly, Plaintiffs William K. Schmidt, Christopher S. Thrasher, Cody Anderson, and Diane Sare respectfully request that the Court:

(1) Enter a declaratory judgment against the challenged provisions of New York Election Law detailed above, including, but not limited to declaring New York Election Law §6-140(1)(b) unconstitutional to the extent that it prohibits non-duly qualified New York voters from serving as witnesses to independent nominating petitions.

(2) Enter a permanent injunction enjoining Defendants from enforcing the challenged provisions and interpretations of New York Election Law against the Plaintiffs including enjoining Defendants from enforcing New York Election Law §6-140(1)(b)

to the extent that it prohibits non-duly qualified New York voters from serving as witnesses to independent nominating petitions.

(3) Award the Plaintiffs money damages in the nominal amount of ten ($10) dollars, and the costs of this action together with reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988; and

(4) Retain jurisdiction over this action and grant Plaintiffs such other and further relief as the Court sees fit.

THE LAW OFFICE OF GARY L. DONOYAN

By: Gary L. Donoyan (GD-7542)
Attorneys for Plaintiffs
565 Plandome Road, #209
Manhasset, New York  11030
(516) 312-8782
gdonoyan@garydonoyanlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

WILLIAM K. SCHMIDT, candidate of the Libertarian Party
for the office of Comptroller of the State of New York;
SAMUEL SCOTT ERICKSON, a United States citizen and
Illinois resident; WILLIAM CODY ANDERSON, as Chair
and de facto President and on behalf of the Libertarian Party
of New York, an independent body and unincorporated
association; and DIANE SARE, candidate of the LaRouche
Independent Party for the office of United States Senator from
the State of New York,

Civil Action No. _____

VERIFICATION

Plaintiffs,

- against -

PETER S. KOSINSKI, DOUGLAS A. KELLNER, ANDREW
J. SPANO, and ANTHONY J. CASALE, in their official
capacities as Commissioners of the New York State Board of
Elections,

Defendants.
------------------------------------------------------------------------------X

William Cody Anderson, a Plaintiff in the above-captioned action, makes the following

declaration under the penalties of perjury:

I have read the foregoing complaint and know its contents.  The allegations of fact are true

to my own knowledge, except as to those matters stated to be alleged on information and belief,

and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April

18, 2022.

_____
William Cody Anderson