```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
WILLIAM K. SCHMIDT, candidate of the Libertarian      :
Party for the office of Comptroller of the State of New :
York; SAMUEL SCOTT ERICKSON, a United States          :
citizen and Illinois resident; WILLIAM CODY           :
ANDERSON, as Chair and de facto President on          :   **ORDER**
behalf of the Libertarian Party of New York, and      :
independent body and unincorporated association; and  :   22-cv-2210 (BMC)
DIANE SARE, candidate of the LaRouche                 :
Independent Party for the office of United States     :
Senator from the State of New York,                   :
                                                      :
                             Plaintiffs,              :
                                                      :
         - against -                                  :
                                                      :
PETER S. KOSINSKI, DOUGLAS A. KELLNER,                 :
ANDREW J. SPANO, and ANTHONY J. CASALE,                :
in their official capacities as Commissioners of the   :
New York State Board of Elections,                    :
                                                      :
                             Defendants.              :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

By Memorandum Decision and Order (the "Order") dated May 3, 2022 and a Preliminary Injunction entered the same day, this Court preliminarily enjoined the enforcement of New York Election Law § 6-140(1)(b). That statute requires "independent bod[ies]" – essentially, political organizations that have not met prescribed levels of voter support in the prior election – to have only "duly qualified voter[s] of the State of New York," as opposed to non-New York residents, witness petitions to get their candidates on New York election ballots. See Schmidt v. Kosinski, 602 F. Supp. 3d 339, 341 (E.D.N.Y. 2022). Familiarity with that decision is presumed, but to summarize, the Court found the statute's witness-residency requirement subject to strict scrutiny because putting candidates on the ballot constitutes core political speech. It noted that virtually every other jurisdiction to have considered such witness-residency requirements had invalidated

them under the First Amendment, finding that they placed a substantial burden on speech. Id. at 342 (collecting cases). It further observed that, although the Second Circuit had not directly addressed this statute, it had found facially unconstitutional a similar statute, N.Y. Elec. Law § 6-132(2), that required witnesses for local candidates to reside in the political subdivision for which the particular candidate was seeking office. See Lerman v. Bd. of Elections, 232 F.3d 135, 150-53 (2d Cir. 2000). This Court concluded that the Board of Elections' professed fear of fraud by allowing non-resident witnesses was fanciful in light of the absence of any evidence that such fraud was likely to occur or had ever occurred. Furthermore, the Court rejected the Board's speculative fears given the inclusion in this Court's injunction of a provision requiring non-resident witnesses to submit to the jurisdiction of the New York courts and to timely respond to subpoenas if questions arose about the integrity of their having borne witness to the petition.

The instant case is presently before me on plaintiffs' motion for summary judgment. Nothing has really changed since the Court's Order. Defendants' argument on the merits is essentially a reargument of their opposition to plaintiff's motion for a preliminary injunction. I reject it for the same reasons I granted the preliminary injunction.

The only additional arguments defendants summarily raise relate to plaintiffs' standing. First, defendants seek to invoke the well-established rule that plaintiffs cannot rely solely on the allegations in their complaint on summary judgment, but must set forth specific facts in the record to substantiate their constitutional injury. Although plaintiffs' showing of injury is not overwhelming, defendants have not mentioned the affidavit plaintiffs submitted in support of their motion, which averred that they have been injured because

> (1) some of our supporters and activists decline to register to vote based on principle, and those people are therefore ineligible to witness nominating

> petitions for our candidates, though they wish to do so and we wish them to; (2) some of our supporters and activists, including plaintiff Samuel Scott Erickson, are not New York residents and are therefore ineligible to witness nominating petitions for our candidates, though they wish to do so and we wish them to; and (3) some professional petition signature gatherers, in fact, most of those across the country, are not New York residents and are therefore ineligible to witness nominating petitions for our candidates, though they wish to do so and we wish them to.

That is sufficient to show standing. See Davis v. Federal Election Comm'n, 554 U.S. 724, 733 (2008).

Second, defendants allege that plaintiff William Anderson particularly does not have standing to sue on behalf of the Libertarian Party of New York ("LPNY") because, as Chairman of the LPNY, a corporation, it should be the LPNY who is the plaintiff, not Anderson. However, in reply, plaintiff submitted an affidavit showing that the LPNY became an unincorporated association in February 2019. At the time the complaint was filed, Anderson was the Chair and "de facto" President of the LPNY. Then, Andrew Martin Kolstee succeeded Anderson as Chair and "de facto" President on September 18, 2022. Mr. Kolstee averred that he has no objection to continuing the action in Mr. Anderson's name.

This may present an issue under Fed. R. Civ. P. 17, but since neither Mr. Anderson nor Mr. Kolstee objects to proceeding under the present caption, and defendants have made no motion to substitute Mr. Kolstee for Mr. Anderson, the Court does not feel compelled to change the caption of the case *sua sponte*. In any event, the identity of LPNY's leader does not appear to be an issue of standing.

Accordingly, plaintiffs' motion for summary judgment is granted. The Court will separately enter a Final Judgment and Injunction.

**SO ORDERED.**

                                                             *Brian M. Cogan*
                                                                        U.S.D.J.

Dated: Brooklyn, New York
        September 17, 2024